IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:05-CR-140-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MARK ANTHONY STUKES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 86). The motion was briefed fully, and in this posture, the issues raised are ripe for ruling.

## BACKGROUND

On December 14, 2005, defendant was indicted for possession of five grams or more of cocaine base, in violation of Title 21 U.S.C. § 841(a)(1) ("count one"); using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count two); and possession of a firearm by a person previously convicted of a felony, in violation of §§ 922(g)(1) and 924 (count three). On June 20, 2006, defendant pleaded guilty, pursuant to a written plea agreement, to counts one and two. On October 23, 2006, the court sentenced defendant to 201 months' imprisonment on count one and 84 months' imprisonment on count two to be served consecutively. The court dismissed count three pursuant to the plea agreement.

On July 8, 2020, the court granted defendant's motion for reduction of sentence pursuant to the First Step Act of 2018. The court reduced defendant's sentence to 178 months on count one to be served consecutively to his previously imposed sentence of 84 months on count two.

Defendant filed the instant motion for compassionate release on August 7, 2020, raising

concerns about his risk of contracting COVID-19. In support, defendant relies upon his medical records, administrative request for compassionate release, and the Federal Bureau of Prisons ("FBOP") inmate data. Defendant states that he suffers from the following medical conditions, some of which allegedly place him at higher risk of complications if he contracts COVID-19: hypertension, hyperlipidemia, partial loss of teeth, arthritis, chronic viral Hepatitis C. Further, defendant is 66 years old and contends his age also places him at higher risk of complications.

The government responded on August 19, 2020 and submitted a supplemental response on August 20, 2020. In support, the government relies upon defendant's medical records; the declaration of Christina Kelly, a senior attorney at the Federal Correctional Complex in Butner, North Carolina; and FBOP inmate data. Defendant replied on August 25, 2020.

**COURT'S DISCUSSION**

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step Act § 603, 132 Stat. at 5239.[1]

The court may reduce defendant's term of imprisonment if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant

---

[1] The government does not contest that defendant exhausted administrative remedies.

such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[2]  The Sentencing Commission promulgated U.S.S.G. § 1B1.13 as the policy statement applicable to compassionate release motions filed by the FBOP.  Section 1B1.13 is substantially similar to § 3582(c)(1)(A), but adds that before granting compassionate release the court must determine "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  See U.S.S.G. § 1B1.13(1)(B)(2).

Application note one to U.S.S.G. § 1B1.13 provides the Sentencing Commission's views on when extraordinary and compelling reasons justify compassionate release:

(A) Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.  The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

---

[2]  The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A)(ii).  This provision is not applicable to defendant.

3

(C) Family Circumstances.

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, app. n.1.

Because the current version of U.S.S.G. § 1B1.13 applies to motions filed by the FBOP and has not been updated since the First Step Act's amendments to § 3582(c)(1)(A), some district courts have determined that the foregoing policy statement is not a binding "applicable policy statement" when the defendant moves for compassionate release. See, e.g., United States v. Beck, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). Assuming without deciding that the current policy statement is non-binding, the provision provides important guidance to district courts when evaluating compassionate release motions, particularly where the majority of the application note's definition of extraordinary and compelling reasons applies regardless of whether the FBOP or defendant files the motion. See id. The court, however, arguably has authority to grant compassionate release if it finds extraordinary and compelling circumstances justify reducing defendant's sentence even if such circumstances are not specifically delineated in U.S.S.G. § 1B1.13. See id.

Defendant's instant motion does not establish grounds for compassionate release under U.S.S.G. § 1B1.13, or otherwise demonstrate that extraordinary and compelling reasons justify

4

Case 7:05-cr-00140-FL   Document 96   Filed 11/09/20   Page 4 of 6

release. The government does not appear to contest that defendant's age or health conditions place him at higher risk of developing complications if he contracts COVID-19. However, defendant previously contracted COVID-19 and recovered. (See Def. Sealed Ex. (DE 87) at 1; Gov. Resp. (DE 91) at 19; Gov. Sealed Ex. (DE 92) at 1; see also Def.'s Reply (DE 95) at 2-3 (appearing to concede that defendant tested positive for COVID-19 and later recovered)). No evidence was submitted that defendant's underlying health conditions caused severe COVID-19 symptoms. And the hypothetical possibilities of reinfection and developing severe complications if reinfection occurs – where such complications did not develop with the first infection – are too remote to satisfy the extraordinary and compelling circumstances test. See, e.g., United States v. Jones, No. 5:11-CR-99-FL, at *8 (E.D.N.C. Oct. 19. 2020); United States v. Burks, No. 3:14-CR-208-MOC-1, 2020 WL 4927481, at *3 (W.D.N.C. Aug. 21, 2020); United States v. Billings, No. 19-CR-99, 2020 WL 4705285 (D. Colo. Aug. 13, 2020); United States v. Stout, No. 12-3005, 2020 WL 4437464, at *2-4 (Aug. 3, 2020); United States v. Lavatai, Crim. No. 13-21-SOM-2, 2020 WL 4275258, at * 3 (D. Haw. July 24, 2020).[3]

Assuming without deciding that defendant has demonstrated that his underlying health conditions and risk of exposure to COVID-19 are extraordinary and compelling reasons that justify release, the court finds that defendant's early release is not supported by the factors under 18

---

[3] Defendant relies on guidance from the CDC, stating that "science does not imply a person is immune to . . . COVID-19 in the 3 months following infection. The latest data simply suggests that retesting someone in the 3 months following initial infection is not necessary unless that person is exhibiting symptoms or COVID-19 and the symptoms cannot be associated with another illness." (DE 95 at 5 (quoting Updated Isolation Guidance Do Not Imply Immunity to COVID-19, Aug. 14, 2020, https://www.cdc.gov/media/releases/2020/s0814-updated-isolation-guidance.html)). While the court acknowledges the lack of scientific evidence establishing lasting immunity to the virus, defendant provides no reliable evidence documenting instances of reinfection. As discussed above, the possibility of reinfection, in combination with defendant's prior recovery, fails to establish extraordinary and compelling circumstances.

5

U.S.C. § 3553(a). Defendant is responsible for distributing 37 grams of cocaine base in this district. (Presentence Investigation Report ("PSR") ¶¶ 6, 43). Further, the violent nature of the instant offense weighs against release. Defendant admitted to police that he robbed the victim at gunpoint. (PSR ¶ 7). Release is also not supported considering defendant's lengthy criminal history and classification as a career offender. (PSR ¶¶ 10-21, 24). Defendant also was convicted of assault with a deadly weapon inflicting serious injury, which involved defendant shooting another person in the arm. (PSR ¶ 11). Moreover, defendant's state parole was revoked twice for absconding, and he failed to report to the parole office on twelve separate occasions while on supervision. (PSR ¶ 11).

Defendant argues that he is committed to his rehabilitation as demonstrated by his having no infractions in the past fourteen years. The court commends defendant for his record of achievement while in custody. (See DE 82-2). The court has considered fully defendant's exemplary post-sentencing conduct but finds that the remaining § 3553(a) factors do not support a sentence reduction.

## CONCLUSION

Based on the foregoing, defendant motion for compassionate release (DE 86) is DENIED. SO ORDERED, this the 9th day of November, 2020.

LOUISE W. FLANAGAN
United States District Judge